UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------X
JANE DOE,                                      )
                                               )
                            Petitioner,        )
                                               )        Docket No. 25-867
          - against -                          )
                                               )
MARK WALTZER,                                  )
                                               )
                            Respondent.        )
-------------------------------------------------------X

**Declaration of Scott A. Korenbaum in opposition to petitioner Jane Doe's application for leave to appeal pursuant to 28 U.S.C. § 1292(b)**

SCOTT A. KORENBAUM declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1.      Stoll, Glickman & Bellina, LLP and I represent Mark Walzer, the respondent in the above-captioned matter.  I submit this declaration in opposition to the petition of Jane Doe for leave to appeal pursuant to 28 U.S.C. § 1292(b).  The petition should be denied because Judge Block's certified Order does not identify "a controlling question of law as to which there is substantial ground for difference of opinion" and this Court has already held that the Order is not appealable pursuant to the collateral order doctrine.

**Procedural History**

2.      On September 17, 2024, Judge Block granted Waltzer's motion for a new trial following a substantial jury verdict in Doe's favor.  Judge Block's Memorandum and Order granting the motion for a new trial is annexed as Exhibit A  (the "New Trial Order").  On October 17, 2024, the trial court certified the New Trial Order in an electronic order, which reads as follows:

> Plaintiffs motion **210** seeking leave to appeal the Courts order **208** of a new trial on both liability of damages is GRANTED. The Court agrees that its prior order concerned a controlling question of law on which there are substantial grounds for difference of opinion, that an immediate appeal would advance the litigation, and that certification is jurisdictionally needed. Accordingly, the Court certifies its September 17, 2024, order **208** for appeal pursuant to 28 U.S.C. § 1292(b). Additionally, the Court agrees that such an interlocutory appeal is warranted pursuant to the collateral order doctrine. Ordered by Judge Frederic Block on 10/17/2024. (MI) (Entered: 10/17/2024)..

3.      Doe's current petition represents her third attempt to have the Court hear her appeal on an interlocutory basis.  In her first attempt, the Court granted Waltzer's motion to dismiss the appeal for lack of subject matter jurisdiction, without prejudice, because Doe's filing of the Notice of Appeal before the district court certified the New Trial Order deprived it of jurisdiction to do so.  *Doe v. Waltzer*, Docket No. 24-2493, 2025 U.S. Dist. LEXIS 5331, *2 (2d Cir. Mar. 7, 2025) (Summary Order).

4.      Following this Court's Summary Order, but before its issuance of the mandate, Doe renewed her request for certification of the New Trial Order by letter filed March 14, 2025. Doe's March 14th letter is annexed as Exhibit B.  Without considering Waltzer's request for an opportunity to oppose the application, Judge Block issued the following electronic order on March 17th: "Following the Second Circuit's order **214** denying Plaintiff's motion for interlocutory appeal as premature, Plaintiff's present petition is now ripe for certification. The Court does not require further briefing. Accordingly, Defendant's motion for an extension of time **216** is denied and Plaintiff's request for certification pursuant to 28 U.S.C. 1292(b) **215** is granted. Ordered by Judge Frederic Block on 3/17/2025."

5.      Doe then filed her petition on March 26, 2025, which I, on behalf of Waltzer,

received electronically on March 27, 2025.  *See* Docket No. 25-709.

6.        The next day, March 28th, this Court issued its mandate.  I immediately emailed Doe's counsel, Karl Ashanti, Esq., the following: "I hate to be a party pooper, but as the Mandate just issued, I think you filed your request for certification while Judge Block was without jurisdiction.  In other words, subject matter jurisdiction does not return to the district court until the mandate issues.  Let me know your thoughts."  Ashanti responded as follows: "Hey, Scott. That cannot possibly be correct because, as you know, Judge Block issued the certification order on March 17th based upon the 2nd Circuit's summary order - the same one in the mandate. Literally the same order. And I had 10 days, as directed by the 2nd Circuit, to file the 1292(b) application.  Either way, even if you had some traction with the mandate argument, if the petition were denied as premature, that again would be purely procedural and Plaintiff would make another motion to Judge Block, who would issue the same certification order prompting Plaintiff to make the same petition to the Second Circuit which would then consider the application on its merits. So, the outcome would be exactly the same, just all of having wasted time and energy, i.e. that would go against judicial economy but produce the same result."  My email correspondence with Ashanti is annexed as Exhibit C.

7.        Following the issuance of the mandate, the trial court entered the following electronic order on March 28th: "Having today received the mandate of USCA **218** the Court reissues its prior order granting Plaintiff's request for certification pursuant to 28 U.S.C. 1292(b). Ordered by Judge Frederic Block on 3/28/2025."

8.        Apparently recognizing that my concerns about Judge Block's March 17th certification were valid, Doe, with Waltzer's consent, filed a Stipulation dismissing without

prejudice her petition under Docket No. 25-709. The Stipulation is annexed as Exhibit D. The

Stipulation has not yet been So Ordered.

9.      On April 10, 2025, Doe filed her petition under this docket number (25-867).

**Argument**

**The appeal must be dismissed because the trial court's valid certification of the New Trial Order does not identify "a controlling question of law as to which there is substantial ground for difference of opinion," and none exists, and this Court has already determined that the Order is not otherwise appealable**

10.     28 U.S.C § 1292(b) provides, in relevant part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: . . .

28 U.S.C. § 1292(b).

**A.      Neither the court below nor Doe identifies a controlling question of law as to which there is substantial ground for difference of opinion**

11.     Doe contends that this Court should look to Judge Block's October 17, 2024

electronic order certifying the New Trial Order, which she refers to as the First Certification

Order, for the reasons why certification is appropriate. Declaration in Support of Petition for

Leave to File an Interlocutory Appeal ("Ashanti Dec."), filed April 10, 2025, at ¶ 23. Waltzer

agrees that the trial court's electronic order, entered October 17, 2024, is the relevant Order

-4-

governing this Court's review.

12.     Dismissal is warranted because the court below did not identify a controlling question of law – or a substantial ground for difference of opinion – regarding the issues resolved by the New Trial Order.  Section 1292(b) is not liberally construed.  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990).  As this Court just recently reiterated, "Section 1292(b) is 'a rare exception to the final judgment rule that generally prohibits piecemeal appeals.'"  *Federal Ins. Co. v. American Precision Indus.*, Docket Nos. 24-842 (L), 24-843 (XAP), 2025 U.S. App. LEXIS 8566, *3-4 (2d Cir. Apr. 11, 2025) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).  Even where the district court has properly certified an order, "the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quotations and citation omitted).  *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.") (quotations and citations omitted).

13.     This Court noted in *Koehler*, *supra*, that the purpose of Section 1292 is to allow appellate courts "to rule on an ephemeral question of law that may disappear in the light of a complete and final record."  *Koehler*, 101 F.3d at 864.  Here, the First Certification Order does not raise a controlling question of law, never mind an "ephemeral question" for which there is a substantial ground for difference of opinion.  In *In re Flor*, *supra*, this Court made clear that only

-5-

exceptional issues of law over which the district courts may disagree satisfy this test: "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. . . .  Rather, it is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d at 284.

14.     Unlike the New Trial Order, which Judge Block explained with great care, the trial court's October 17th Order granting certification merely articulated the prerequisites for certification without analysis.  This represents an independent basis to deny the application.  *See City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 391 (2d Cir. 2008) ("A district judge must express such an opinion in writing in the otherwise non-appealable order.") (citation omitted).  *See also Cullen v. Margiotta*, 618 F.2d 226, 228-29 (2d Cir. 1990) (holding in the Rule 54(b) context that the district court's mere recitation of the Rule's language requires denial of certification).

15.     Doe contends that Judge Block accepted her identification of a controlling question of law as to which there is substantial ground for difference of opinion in entering the First Certification Order (Ashanti Dec. at ¶ 30).  But saying it is so does not make it so.  Doe cites no case law suggesting that a district court's certification of an order for interlocutory appeal alone implicitly embraces one party's rationale for such certification, or that a district court is excused from identifying for this Court the "controlling question of law as to which there is substantial ground for difference of opinion. . . ."

16.     Doe contends that the trial court, even though it did not engage in any legal

-6-

analysis, adopted her arguments: "following a comprehensive analysis of the relevant issues, the District Court accepted: 1) Petitioner's identification of a controlling question of law as to which there is substantial ground for difference of opinion, and 2) Petitioner's argument that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Ashanti Dec. at ¶ 30. She identifies the issues of law that are allegedly controlling: "a) whether a damages award of $150 million for forcible rape in a Child Victim's Act case constitutes an amount that is *excessive as a matter of law*. . . b) whether a nine-figure damages award for forcible child rape in a Child Victim's Act case is *indicative, as a matter of law, that the jury was impermissibly motivated by passion or prejudice in the rendering of its verdict*; and c) if a nine-figure verdict for forcible child rape is found to be impermissible as a matter – either for being excessive as a matter of law or being indicative of passion or prejudice, *whether the jury's verdict on liability must be overturned as a matter of law or whether the proper remedy is either a damages trial or remittitur*." Ashanti Dec. at ¶ 31 (emphasis in original). Doe then argues why Judge Block erred in granting Waltzer's motion for a new trial, which, according to Doe, makes these questions controlling questions of law. Ashanti Dec. at ¶¶ 32-36.

17.     Section 1292(b) only permits interlocutory appeals involving pure questions of law. *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991). Dismissal is warranted because this Court will review the New Trial Order for an abuse of discretion, *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992), in recognition of the fact that "a new trial may be granted even if there is substantial evidence to support the jury's verdict[,]" and that "a trial judge hearing a motion for a new trial is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." *Id.* (citations and quotations omitted).

*Qorrolli v. Metropolitan Dental Assocs., D.D.S.- 255 Broadway, P.C.*, 124 F.4th 115, 125 (2d

Cir. 2024) ("This court review[s] a district court's [grant] of a Rule 59 motion for a new trial for

abuse of discretion. It is a deferential standard, which reflects district courts'

significant—although not limitless—latitude to exercise their inherent discretionary authority.").

18.     *Casey v. Long Island R.R.*, 406 F.3d 142 (2d Cir. 2005), rejects most, if not all, of

Doe's arguments.  In *Casey*, plaintiff contended that the following issue represented a controlling

question of law: "whether the jury award for future pain and suffering was properly set aside as

excessive."  This Court easily rejected this argument, noting "it presents a question as to the

proper evaluation of the evidence introduced at trial. That evaluation is not reviewed de novo, as

a question of law would be, but rather is accorded deferential review, . . . [n]or is there any

dispute as to the proper legal standard for the court's evaluation of the evidence to support the

jury's award. The district court assessed whether the $ 1.3 million finding was so high as to shock

the judicial conscience; the parties agree that that is the correct standard, . . ." *Id.* at 146-47

(citations and quotations omitted).

19.     Here, a review of the New Trial Order reveals that the trial court carefully

assessed the evidence in concluding that a new trial on liability and damages was warranted.  As

the court below noted, the sheer size of the jury's verdict evinced passion or prejudice.  Exh. A at

8-9.  Relatedly, the court below expressed its concern that the jury accepted the unsubstantiated

allegations that Doe was a minor when the parties had sexual relations, and that inflamed their

prejudice.  The court below carefully analyzed the evidence and determined that no evidence

would support such a determination concerning Doe's age.  *Id.* at 9-14.  Thus, issues of fact

underlie the New Trial Order, and not a pure question of law.  *Casey*, *supra*.

20.     Even if the Court disagrees that *Casey* disposes of the application, Doe's argument fails for additional reasons. Doe did not identify in her request for certification any disagreement amongst any courts regarding the legal issues articulated by Judge Block in the New Trial Order. And she does not here. *See* Exhibit B. As noted, neither did the court below, which merely reiterated the text of Section 1292(b) in its Electronic Order granting certification. But Doe's disagreement with the trial court's assessment of the jury's verdict does not constitute a controlling question of law as to which there is substantial ground for difference of opinion.

21.     Doe goes to lengths to explain why the trial court erred and why her appeal will raise issues of law. Ashanti Dec. at ¶¶ 32-36. She does not identify any issue of law "as to which there is substantial ground for difference of opinion," cites no relevant case law bearing on the issues she identifies above, and identifies no cases discussing these alleged difference of opinions.

22.     Doe's petition contains no argument regarding the "as to which there is substantial ground for difference of opinion. . . ." This, too, is a ground to deny the petition – Doe should not be able to raise new arguments for the first time in her reply papers. *Doherty v. Bice*, 101 F.4th 169, 175 n.3 (2d Cir. 2024).

23.     In her submission to the trial court, Doe also failed to establish that her claimed "controlling question of law" involved "substantial ground for difference of opinion." Before Judge Block, Doe contended that "given the singularly horrific nature of forcible rape, reasonable people, including members of the Jury, could find that a compensatory damages award of $100 million is [sic] warranted to match the heinousness of the crime they found defendant Waltzer to have committed. . . . The fact that there is substantial ground for difference of opinion is further

-9-

cemented by the fact that, in overturning the verdict, the Court opined: 'Plaintiff's allegations that she was fifteen when Defendant first had sex with her may have inflamed the jury.'" Exh. B at 3.

24.    This argument is confusing.  It seems to suggest that the "substantial ground for difference of opinion" concerns the correctness of the jury's damages award.  *See id.* ("there is substantial ground for a difference of opinion as to the value of the damages award that was called for, given the wildly egregious behavior the Jury found Waltzer to have engaged in and the intolerable violation of the public trust the Jury found defendant Waltzer to have committed.").  But the award of compensatory damages is quintessentially a question of fact, not an issue of law.  *Dancy v. McGinley*, 843 F.3d 93, 113 (2d Cir. 2016).  *See Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790, 793 (9th Cir. 1986) ("The district court's damages award is a finding of fact, reviewed under the clearly erroneous standard.") (citations omitted).  And this argument is foreclosed by *Casey*, *supra*.

25.    Doe's argument also fails because the issues she identifies appear frequently in appeals involving *remittitur*.  While Doe claims that "[]these controlling questions as to what the limits of allowable damages should be in CVA cases, generally, and particularly in instances where a jury finds a defendant liable for forcible child rape - and what the remedy should be if and when such CVA damages are deemed excessive by a district court - have far-reaching implications well beyond this case, given the vast number of cases brought under the CVA[,]" Ashanti Dec. at ¶ 36 (footnote omitted), the same can be said of police misconduct and employment discrimination cases in which the plaintiffs suffer devastating injuries.  The Court knows that cases brought pursuant to 42 U.S.C. § 1983 and the anti-discrimination laws comprise

-10-

a significant portion of its docket.

26.     Doe also claims that the Court's failure to hear the appeal now will harm her. Ashanti Dec. at ¶ 41 (citing *Cullen*, 618 F.2d at 228 ("certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.")).  Doe identifies two harms.  First, "she will be denied the opportunity to obtain immediate appellate review of the Lower Court Retrial Order, by which Judge Block vacated the jury's verdict *holding Waltzer liable for raping her* and instead will be compelled to retry the case and, if necessary obtain appellate review of a final judgment concerning the retrial of the case."  Ashanti Dec. at ¶ 42 (emphasis in original).  Again, this argument applies with equal force to every party who ends up on the wrong end of a motion for a new trial.

27.     Next, Doe raises the related harm of having to relive the "hardship of being subjected to a second trial concerning the most horrific event of her life, the forcible rape to which Waltzer subjected her."  Ashanti Dec. at ¶ 43.  Doe ignores that the evidence at trial was hotly contested (Exh. A, p. 10) and that Judge Block, having presided over the trial, found that the jury's verdict represented a seriously erroneous result or a miscarriage of justice, one that was infected with highly prejudicial and unsubstantiated allegations relating to Doe's claim of statutory rape.  Exh. A, *passim*.  And her argument again applies to every party suing for emotional and physical injuries who end up on the wrong end of a motion for a new trial.

**B. Doe's appeal is not reviewable under the collateral order doctrine.**

28.     Doe also contends, as she did last time, that the Court should permit her appeal because it is reviewable under the collateral order doctrine.  Ashanti Dec. at ¶¶ 47-53.  This Court already rejected this argument.  Summary Order at 3 ("First, this Court lacks appellate

-11-

jurisdiction at this juncture. Granting a new trial is not a final decision appealable under 28

U.S.C. § 1291. . . . Because a final decision has not been issued by the district court as

contemplated by 28 U.S.C. § 1291, **and there is no other basis for immediate appeal**,

Waltzer's motion to dismiss is granted.") (emphasis supplied).

### Conclusion

29.     This Court has repeatedly recognized that appeals must await a final judgment,

and that appeals pursuant to Section 1292(b) are granted only in exceptional circumstances. The

court below, in certifying the New Trial Order, did not identify a "controlling question of law as

to which there is substantial grounds for difference of opinion." Rather, it simply regurgitated

the requirements of Section 1292(b). Doe presents no reason, never mind a compelling one, why

this Court should allow her to proceed with her appeal at this juncture. The issues she claims

represent controlling questions of law all involve the trial court's concerns with the size of the

jury's verdict and its evaluation of the evidence presented to the jury. These issues are not pure

questions of law, and involve issues of interest to Doe alone. Of course, Doe is not without

recourse. She will be able to raise these issues following the conclusion of the new trial. Doe's

petition should be denied, together with such other and further relief as is just and proper.

Dated: April 17, 2025
      New York, New York

Scott A. Korenbaum

-12-